UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAN HERRERA-RUEDA,

    Petitioner,

v.                                                      Case No. 8:25-cv-368-WFJ-AAS
                                                        Crim. Case No. 8:19-cr-348-WFJ-AAS

UNITED STATES OF AMERICA,

    Respondent.
_____/

**ORDER**

Willian Herrera-Rueda moves under 28 U.S.C. § 2255 to vacate his conviction for conspiracy to possess with intent to distribute cocaine while on board a vessel subject to the jurisdiction of the United States, for which he serves a below-guidelines sentence of 204 months. (Civ. Doc. 1; Crim. Doc. 467) He claims counsel rendered constitutionally ineffective assistance during his plea proceedings and at sentencing. Because his claims lack merit, Herrera-Rueda is entitled to no relief.

**I.  Background**

Herrera-Rueda pleaded guilty under a plea agreement to conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a), 70506(a) and (b), and 21 U.S.C. § 960(b)(1)(B)(ii) (Count Two). (Crim. Doc. 1; Crim. Doc. 166) The United States agreed to dismiss from the indictment the remaining

count against Herrera-Rueda, which charged him with conspiring to distribute cocaine into the United States (Count One). (Crim. Doc. 166 at 3) The United States agreed to recommend both a sentence at the low end of the guidelines range and a downward departure or sentence reduction if it determined that Herrera-Rueda provided substantial assistance in the investigation or prosecution of others. (*Id*. at 5–7)

The presentence report calculates an advisory guidelines range of 235 to 293 months based on Herrera-Rueda's total offense level of 38 and his criminal history category of I. (Crim. Doc. 333 at ¶ 70) At sentencing, the district court overruled Herrera-Rueda's objection to a three-level enhancement applied under U.S. Sentencing Guidelines § 3B1.1(b) for his supervisory role in the conspiracy because the stipulated facts support the enhancement. (Crim. Doc. 333 at ¶ 39; Crim. Doc. 491 at 6) The United States explained that, although Herrera-Rueda earnestly attempted to cooperate, his cooperation did not justify the filing of a substantial assistance motion. (Crim. Doc. 491 at 8) Counsel highlighted Herrera-Rueda's late entry into the conspiracy and cooperative efforts as mitigating circumstances that warranted a downward variance. (*Id*. at 10–11) Citing Herrera-Rueda's attempt to cooperate with law enforcement, the district court varied downward from the guidelines range and sentenced him to 204 months. (*Id*. at 22; Crim. Docs. 467 and 468)

Herrera-Rueda filed no appeal. He now moves to vacate his conviction and sentence and claims retained counsel rendered constitutionally ineffective assistance during the plea proceedings and at sentencing. (Civ. Doc. 1) On May 30, 2025, the United States responded that Herrera-Rueda's claims lack merit. (Civ. Doc. 5) An

earlier order advises Herrera-Rueda that he could file a reply to the United States response within thirty days. (Civ. Doc. 2) To date, he has neither filed a reply nor sought an extension of time to do so.

## II. Legal Standards

Section 2255 allows a federal prisoner to "bring a collateral challenge by moving the sentencing court to vacate, set aside, or correct the sentence." *Winthrop-Redin v. United States*, 767 F.3d 1210, 1215–16 (11th Cir. 2014). But "[o]nce the defendant's chance to appeal has been waived or exhausted, [a court is] entitled to presume he stands fairly and finally convicted, especially when . . . he already has had a fair opportunity to present his federal claims to a federal forum." *United States v. Frady*, 456 U.S. 152, 164 (1982). "[A] collateral challenge, such as a § 2255 motion, may not be a surrogate for a direct appeal." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (*per curiam*) (citing *Frady*, 456 U.S. at 165). Because collateral review is not a substitute for direct appeal, a defendant must raise on direct appeal all available claims. Relief under Section 2255 is reserved "for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988) (quoting *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A Sep. 1981)). For example, a claim of ineffective assistance of counsel is a claim that "should usually be raised in a motion under 28 U.S.C. § 2255." *United States v. Curbelo*, 726 F.3d 1260, 1267 (11th Cir. 2013).

"[T]he cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Waters v. Thomas*, 46 F.3d 1506, 1511 (11th Cir. 1995) (en banc) (quoting *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994)). As *Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998), explains, *Strickland v. Washington*, 466 U.S. 668 (1984), governs an ineffective assistance of counsel claim:

> The law regarding ineffective assistance of counsel claims is well settled and well documented. In *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims. According to *Strickland*, first, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. *Strickland*, 466 U.S. at 687, 104 S. Ct. 2052.

*Strickland* requires proof of both deficient performance and consequent prejudice. *Strickland*, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); *Sims*, 155 F.3d at 1305 ("When applying *Strickland*, we are free to dispose of ineffectiveness claims on either of its two grounds."). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. "[A] court deciding an actual ineffectiveness claim must

4

judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." 466 U.S. at 690. *Strickland* requires that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." 466 U.S. at 690.

Herrera-Rueda must demonstrate that counsel's alleged error prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." 466 U.S. at 691–92. To meet this burden, Herrera-Rueda must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." 466 U.S. at 694.

*Strickland* cautions that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." 466 U.S. at 690–91. A prisoner cannot meet his burden merely by showing that the avenue chosen by counsel proved unsuccessful.

> The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial . . . . We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

5

*White v. Singletary*, 972 F.2d 1218, 1220–21 (11th Cir. 1992); *accord Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) ("To state the obvious: the trial lawyers, in every case, could have done something more or something different. So, omissions are inevitable . . . . [T]he issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'") (*en banc*) (quoting *Burger v. Kemp*, 483 U.S. 776, 794 (1987)); *see also Jones v. Barnes*, 463 U.S. 745, 751 (1983) (counsel has no duty to raise a frivolous claim).

## III. Discussion

### A. Plea-related claims

Herrera-Rueda claims that counsel rendered constitutionally ineffective assistance by wrongfully advising him to accept the plea agreement. He vaguely complains "there were errors that he could not detect" in the plea agreement. (Civ. Doc. 1 at 4)

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). However, a *pro se* petitioner must "adequately present [his] claim in his § 2255 motion such that the district court could not misunderstand it." *Burke v. United States*, No. 21-14152, 2023 WL 6120312, at *1 n.3 (11th Cir. Sept. 19, 2023) (citing *Barritt v. Sec'y, Fla. Dep't of Corr.*, 968 F.3d 1246, 1251 (11th Cir. 2020) ("[C]aims for relief must be clearly presented to the district court.")).

Herrera-Rueda's claim that counsel wrongfully advised him to plead guilty is subject to summary dismissal because he neglects to support the claim with any details or elaboration. *See Presendieu v. United States*, No. 21-12552, 2022 WL 41151447, at *5 (11th Cir. 2022) (quoting *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991) (disavowing relief when a petitioner's claims are merely "conclusory allegations unsupported by specifics or contentions that in the face of the record are wholly incredible")). He claims counsel offered "[e]rroneous advice to accept [the] plea agreement," but neglects to identify that advice or explain how it was wrongful.

Moreover, to the extent Herrera-Rueda claims that counsel's performance invalidated the knowing and voluntary nature of his guilty plea, such claim fails because it is contradicted by the record of his sworn statements at both the plea and sentencing hearings. At the plea hearing, Herrera-Rueda confirmed he reviewed the plea agreement with counsel and understood its terms, including the penalties he faced. (Crim. Doc. 490 at 7 at 9–16) He confirmed that, other than the promises contained in the plea agreement, no one threatened, forced, coerced, or promised him anything to persuade him to plead guilty. (*Id*. at 13–16) When the magistrate judge explained the cooperation provision, Herrera-Rueda confirmed he understood that he could not challenge the United States' decision if no substantial assistance motion was filed. (*Id*. at 12–13) He understood he could not withdraw his guilty plea if he was unhappy with his sentence. (*Id*. at 18–19) After the United States recited the factual basis for the guilty plea, which included details about Herrera-Rueda's role in the drug trafficking conspiracy, Herrera-Rueda confirmed that he had no material disagreement

7

with those facts. (*Id*. at 25–28) Herrera-Rueda expressed complete satisfaction with counsel, confirmed that counsel did everything he asked, and told the magistrate judge that counsel "behaved very well." (*Id*. at 7–8) At the conclusion of the hearing, the magistrate judge found that Herrera-Rueda was pleading guilty freely and voluntarily, and he never objected to this finding. (*Id*. at 28–29)

At sentencing, Herrera-Rueda again confirmed his complete satisfaction with counsel's performance. (Crim. Doc. 491 at 3) He made no attempt to withdraw his guilty plea. And, he neglected to notify the district court during allocution of his belief that counsel had provided constitutionally ineffective assistance or that he had been wrongfully induced to plead guilty. (*Id*. at 12–13)

"A guilty plea, if induced by promises or threats which deprive it of the character of a voluntary act, is void. A conviction based upon such a plea is open to collateral attack." *Machibroda v. United States*, 368 U.S. 487, 493 (1962). However, a defendant's statements at the plea hearing "constitute a formidable barrier in any subsequent collateral proceedings" because "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *see also United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994) ("There is a strong presumption that the statements under oath at a plea colloquy are true."). "[W]hen a defendant makes statements under oath at a plea colloquy, he bears a heavy burden to show his statements are false." *United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988). Furthermore, "[c]ourts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies.

8

Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Lee v. United States*, 582 U.S. 357, 369 (2017).

Herrera-Rueda offers no evidence to disavow his affirmations under oath that he was pleading guilty voluntarily and knowingly. He is entitled no relief because he made specific assurances during both the plea and sentencing hearings that refute his current claim. *See Winthrop v. Redin v. United States*, 767 F.3d 1210, 1217 (11th Cir. 2014) ("The district court is entitled to discredit a defendant's newly-minted story about being [misled] when that story is supported only by the defendant's conclusory statements" and is contradicted by the record of the change-of-plea colloquy.). Herrera-Rueda does not go so far as to allege that he would have insisted on going to trial but for counsel's unidentified erroneous advice. Such omission is fatal to his claim. *See Hill v. Lockhart*, 474 U.S. 52 60 (1985) (finding that petitioner failed to show prejudice because he did not allege that, had counsel given him correct advice, "he would have pleaded not guilty and insisted on going to trial").

Herrera-Rueda's claim fails for the additional reason that he cannot show that that "a decision to reject the plea bargain would have been rational under the circumstances." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010); *Diveroli v. United States*, 803 F.3d 1258, 1263 (11th Cir. 2015). The United States' evidence against Herrera-Rueda, as summarized in the factual basis supporting his guilty plea, was substantial, and Herrera-Rueda admitted these facts without any material objection. (Crim. Doc. 490 at 27) Furthermore, he benefitted significantly by pleading guilty. Under the plea agreement, the United States agreed to dismiss from the indictment the remaining

conspiracy count against Herrera-Rueda and to recommend both a sentence at the low end of the guidelines range and a downward departure if it determined that Herrera-Rueda provided substantial assistance in the investigation or prosecution of others. (Crim. Doc. 166 at 3) Consequently, Herrera-Rueda fails to show he was prejudiced by counsel's performance during the plea proceedings because he has not known that a decision to reject the plea agreement would have been rational.

### B.   Sentencing-related claims

*Failure to obtain substantial assistance motion*

Herrera-Rueda claims that, although he offered "substantial information" to law enforcement about the drug trafficking conspiracy, counsel failed to act diligently to obtain a substantial assistance motion under U.S.S.G. § 5K1.1 or Rule 35 of the Federal Rules of Criminal Procedure.

Under the plea agreement, the United States agreed to consider whether Herrera-Rueda's cooperation warranted the filing of a substantial assistance motion. (Crim. Doc. 166 at 6–7) Herrera-Rueda agreed that the decision to file such motion "rests solely with the United States Attorney for the Middle District of Florida" and the he could "not challenge that determination, whether by appeal, collateral attack, or otherwise." (*Id.* at 7) At sentencing, the United States notified the district court that Herrera-Rueda "attempt[ed] to arrange for third-party cooperation with an individual down in Colombia[,]" but because his attempts at cooperation did not result in an arrest or seizure, "the United States is not moving for a 5K motion[.]" (Crim. Doc. 491 at 9) Counsel emphasized that Herrera-Rueda attempted to cooperate before

10

he was extradited to the United States and "sat for every proffer and provided as much information as the government . . . requested." (*Id.*)

"The government has the power, but not a duty, to file a substantial assistance motion." *Lanier v. United States*, 769 F. App'x 847, 851 (11th Cir. 2019) (citing *United States v. Dorsey*, 554 F.3d 958, 960 (11th Cir. 2009)). "The prosecutorial discretion to refuse to file a substantial assistance motion is subject to judicial review only if it is based on an unconstitutional motive, such as the defendant's race or religion, or is not rationally related to any legitimate government end." *Id.* (citing *Wade v. United States*, 504 U.S. 181, 185–86) (1992)). "[A] claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing." *Wade*, 504 U.S. at 186.

Herrera-Rueda cannot show counsel performed deficiently by failing to obtain a substantial assistance motion. The plea agreement contained no promise of such motion, and the United States retained the sole discretion to decide whether Herrera-Rueda's cooperation warranted a substantial assistance motion. Furthermore, Herrera-Rueda makes no allegation that the United States' decision not to file a substantial assistance motion was based on an unconstitutional motive. Therefore, any objection by counsel to the United States' decision not to file such motion would have failed. *See United States v. Forney*, 9 F.3d 1492, 1501 (11th Cir. 1993) ("[C]ourts are precluded from intruding into prosecutorial discretion" unless "there is an allegation *and* a substantial showing that the prosecution refused to file a substantial assistance motion because of a constitutionally impermissible motivation, such as race

11

or religion.") (emphasis in original). And, an attorney's failure to make a meritless objection does not constitute deficient performance. *Denson v. United States*, 804 F.3d 1339, 1342 (11th Cir. 2015); *Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001).

Similarly, Herrera-Rueda was not prejudiced by counsel's failure to obtain a substantial assistance motion. He points to no evidence in the record to show he would have received a sentence reduction if counsel objected to the United States' decision not to file a substantial assistance motion. To the contrary, the record shows the United States, in its sole discretion, determined his attempts at cooperation did not warrant a substantial assistance motion. And, because Herrera-Rueda does not allege the United States' decision was based on an unconstitutional motive, the district court lacked authority to question that decision. *See Anzalone v. United States*, No. 18-11959, 2019 WL 2108062, at *1–2 (11th Cir. Apr. 30, 2019) (affirming the denial of § 2255 relief because the plea agreement contained no promise of a substantial assistance motion and the defendant did not allege "any unconstitutional motive on the part of the government for failing to file a substantial assistance motion"); *Murphy v. United States*, 634 F. 3d 1303, 1313 (11th Cir. 2011) ("The Government has virtually unfettered discretion to determine whether the defendant rendered substantial assistance and whether to file the motion[,]" and "[e]ven assuming the Government chooses to move for a Rule 35(b) reduction, the district court possesses extremely broad discretion to grant or deny the motion."). He simply cannot show he was prejudiced because a "[substantial assistance] motion is merely a 'plea for leniency,' a

matter of executive and judicial grace.'" *Murphy*, 934 F.3d at 1313 (quoting *Brown v. United States*, 480 F.2d 1036, 1039 (5th Cir. 1973)).

### *Failure to object to sentencing enhancement*

Herrera-Rueda complains that, although the plea agreement identifies one of his coconspirators as the "head of the organization," he received a three-level enhancement for his leadership role in the conspiracy. He further complains "counsel failed to prepare the defense for a proper meeting with probation officer," [f]ailed to present mitigating evidence," and "did not present any objection to everything that was argued in the PSI." (Civ. Doc. 1 at 4) The district court generously construes these complaints as a claim that counsel was ineffective for not successfully objecting to the three-level enhancement applied under § 3B1.1(b) for Herrera-Rueda's supervisory role in the conspiracy.

U.S. Sentencing Guidelines § 3B1.1(b) authorizes a three-level enhancement to a defendant's base offense level if "[t]he defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive." The guidelines commentary explains that district courts may consider several factors in assessing the defendant's role in the offense, including, *id.* comment (n.4):

> the exercise of decision-making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.

The commentary factors "are merely considerations for the sentencing judge," so there is no requirement that a certain number of factors be present for the enhancement to apply. *United States v. Martinez*, 584 F.3d 1022, 1026 (11th Cir. 2009) (quotation omitted). There must, however, ultimately be an "exertion of some degree of control, influence, or leadership." *Id*. (quotation omitted).

In a sentencing memorandum, counsel objected to the three-level enhancement. (Crim. Doc. 465 at 2-4) He argued that no evidence showed that Herrera-Rueda exercised control over others or was responsible for organizing others. Rather, counsel argued, Herrera-Rueda merely received money and contact information and transferred it "at the direction of others." (*Id*. at 3) Counsel acknowledged that Herrera-Rueda admitted to exerting control over a female courier, as described in the presentence report, but argued that his control over only one person warrants at most a two-level increase. (*Id*. at 4)

At sentencing, counsel repeated his objection and emphasized that Herrera-Rueda's role as a "money launderer, cost oversight, and product purchaser" was insufficient to warrant the enhancement. (Crim. Doc. 491 at 4) Counsel again highlighted that there was only "one instance . . . where [Herrera-Rueda] directed a female courier . . . to deliver a car [containing] money." (*Id*.) The district court overruled the objection and found that the preponderance of the evidence, as established by the admitted facts contained in the plea agreement, supported the three-level enhancement. (*Id*. at 6)

Herrera-Rueda cannot show that counsel performed deficiently by not successfully objecting to the supervisory-role enhancement. "[The circuit court] has long held that the fact that a particular defense was unsuccessful does not prove ineffective assistance of counsel." *Ward v. Hall*, 592 F. 3d 1144, 1164 (11th Cir. 2010). Although the district court ultimately overruled counsel's objection, Herrera-Rueda cannot show that "no competent counsel would have taken the action that his counsel did take." *Chandler*, 218 F.3d at 1314. Indeed, he fails to suggest what more counsel could have argued to support the objection. The record shows he admitted to facts that support the enhancement, including "arranging meetings to discuss the drug ventures" and "direct[ing] a female money courier to pick up approximately $50,000 [and] . . . to bribe officials with a portion of the money." (Crim. Doc. 333 at ¶ 39) "The assertion of control or influence over only one individual is enough[,]" and "the defendant does not have to be the sole leader of the conspiracy for the enhancement to apply." *United States v. Grushko*, 50 F.4th 1, 16 (11th Cir. 2022) (quotations omitted); *see also United States v. Morales-Rodriguez*, No. 24-12769, 2025 WL 1165980, at * 2 (11th Cir. Apr. 22, 2025) (affirming a three-level enhancement under § 3B1.1(b) because the defendant "exercised control over at least one other person"). Herrera-Rueda's undeveloped claim "that a different strategy would have been better does not meet his burden under *Strickland*." *Lukehart v. Sec'y, Fla.. Dep't of Corr.*, 50 F.4th 32, 47 (11th Cir. 2022) (citing *Ward*, 592 F.3d at 1164 ("[C]ounsel cannot be adjudged incompetent for performing in a particular way in a case, as long as the approach taken might be considered sound trial strategy.")).

Furthermore, Herrera-Rueda cannot show that he was prejudiced by counsel's unsuccessful objection to the enhancement. To demonstrate prejudice, Herrera-Rueda must show "a reasonable probability that the result of the proceeding—i.e., the length of his sentence—would have been different absent counsel's allegedly deficient performance." *United States v. Simmons*, 799 F. App'x 718, 722 (11th Cir. 2020) (citing *Griffith v. United States*, 871 F.3d 1321, 1330 (11th Cir. 2017)). Nothing in the record suggests that the district court would have imposed a shorter sentence than 204 months—which was a downward variance from the advisory guidelines range of 235 to 293 months—if counsel advanced different arguments at sentencing. In fact, the record shows that counsel successfully advocated for a downward variance in his sentencing memorandum, which the district court described as "very good." (Crim. Doc. 491 at 3) Counsel emphasized Herrera-Rueda's late entry into the conspiracy, cooperative efforts, modest upbringing, and abandonment by his father in childhood. (Crim. Doc. 465 at 6) Counsel also provided the district court with four letters of support from family members, which were translated into the record at the sentencing hearing. (Crim. Doc. 465 at Ex. A; Crim. Doc. 491 at 14–22) The district court granted a downward variance based on Herrera-Rueda's attempt to cooperate with law enforcement. (Crim. Doc. 491 at 22) Accordingly, Herrera-Rueda has not shown a reasonable probability of a different sentence absent counsel's performance at sentencing.

## IV. No Certificate of Appealability

Herrera-Rueda is not entitled to a certificate of appealability (COA). A prisoner moving under § 2255 has no absolute entitlement to appeal a district court's denial of his motion to vacate. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a certificate of appealability, Herrera-Rueda must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because he fails to show that reasonable jurists would debate either the merits of the claims or the procedural issues, Herrera-Rueda is entitled to neither a certificate of appealability nor an appeal *in forma pauperis*.

## V. Conclusion

Herrera-Rueda's motion under § 2255 to vacate, set aside, or correct his sentence (Civ. Doc. 1) is **DENIED** and a certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is similarly **DENIED**. Herrera-Rueda must obtain permission from the circuit court to appeal *in forma pauperis*. The clerk is directed to enter a **JUDGMENT** against Herrera-Rueda, terminate any pending motions, **CLOSE** this case, and enter a copy of this order in the criminal case.

**ORDERED** in Tampa, Florida, on August 14, 2025.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

18